**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JULIO JEREMIAS BERMUDEZ-VILLAREAL,

Petitioner,

Case No. 2:26-cv-2729-MIS-KRS

v.

WARDEN, Otero County Processing Center; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Julio Jeremias Bermudez-Villareal's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 18, 2026. Petitioner is a citizen of Venezuela who has resided in the United States for some time. Pet. at ¶¶ 9-11. Petitioner has a one-year-old daughter, a father undergoing cancer treatment, ongoing employment, and ties to the community. Id. Petitioner has no criminal history and has complied with his reporting requirements. Id. at ¶ 8. Nevertheless, on February 6, 2026, Petitioner was detained during an immigration check-in and shortly thereafter transferred to U.S. Immigration and Customs Enforcement custody. Id. at ¶ 12. He has apparently been detained ever since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at ¶ 2. Prior to his arrest he was not provided a bond hearing, though on May 18, 2026, an

immigration judge stated that he lacked jurisdiction to hold a bond hearing. Id. at ¶ 17. After Petitioner was transferred to the Otero County Processing Center, a second immigration judge held a bond hearing and denied bond finding Petitioner was a flight risk. Id. at ¶ 18. Petitioner asserts that the immigration judge did not make an individualized determination that he was a flight risk. Id. at ¶ 26. Petitioner argues that his detention without pre-deprivation notice and a bond hearing and his prolonged detention violate his Fifth Amendment right to due process. Id. at ¶¶ 28-31. He seeks immediate release from detention. Id. at ¶ 32.

On August 19, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id.

On September 2, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 6.[1] Respondents do not challenge the specific factual assertions of Petitioner. See generally ECF 6. Respondents also do not provide a copy of the Immigration Judge's Order, nor do they address Petitioner's argument that the bond hearing he received was constitutionally inadequate. Id. Rather, Respondents state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents note that Petitioner had a bond hearing on July 17, 2026. The Immigration Judge denied bond, finding that Petitioner was a flight risk. Under 8 U.S.C. § 1226(e), the Court does not have the jurisdiction to review the factual basis for the determination. If the Court finds that the hearing

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

> was insufficient, Respondents do not oppose a second bond hearing. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1-2 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition and failure to provide any details to rebut Petitioner's allegation constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process. See Islam v. Mullin, No. 1:26-CV-02753-MIS-JHR, 2026 WL 2568832, at *2 (D.N.M. Aug. 31, 2026) (noting that a denial of bond for flight risk, without further explanation, reflected "no consideration of the factors relevant to the flight risk determination" did not support a finding that Petitioner received a constitutionally adequate bond hearing.)

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's

detention, his continued detention without a constitutionally adequate bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.

In addition, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of almost seven months, with no reasonably foreseeable end in sight,[2] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

---

[2] Respondents offer no evidence that Petitioner's removal shall be accomplished in the reasonably foreseeable future. See generally ECF 6.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, Respondents have failed to articulate a legitimate interest in Petitioner's continued detention or contest Petitioner's allegations regarding his history of employment in the U.S. and community and family ties within the U.S. See generally ECF 6. Therefore, the Court orders his immediate release. The Court further orders that Petitioner shall not be re-detained absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Julio Jeremias Bermudez-Villareal from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE